IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**QUINTON C. THOMAS**

         **Petitioner,**

  v.                CASE NO. 25-3010-JWL

**STATE OF KANSAS,**

        **Respondent.**

### MEMORANDUM AND ORDER

    This matter began on January 15, 2025 when the Court received from Kansas prisoner Quinton C. Thomas, hereinafter referred to as Petitioner, a document titled "Memorandum Order to Show Cause" and attachments. (Docs. 1 and 1-1.) The pro se document appears to challenge the constitutionality of Petitioner's state-court convictions, so the Court has liberally construed it as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and filed it as such. (*See* Doc. 1, p. 1-2.) On January 16, 2025, the Court issued a notice of deficiency (NOD) explaining that Petitioner must use court-approved forms to file a federal habeas petition and must either pay the $5.00 filing fee or submit a motion to proceed in forma pauperis. (Doc. 2.) The NOD was mailed to Petitioner, along with the necessary forms, and it warned: "If you fail to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* The deadline to comply with the NOD was February 18, 2025. *Id.* at 2.

    The deadline has passed and the Court has received nothing further from Petitioner. Federal Rule of Civil Procedure 41(b)[1] allows the Court to dismiss an action "[i]f the plaintiff fails to

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that federal rules

prosecute or comply with these rules or a court order." Fed R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Based on Petitioner's failure to either pay the filing fee or submit a motion to proceed in forma pauperis and his failure to resubmit his pleading on the court-approved form, the Court will dismiss this matter without prejudice under Rule 41(b).

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order on a habeas petition.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to comply with a court order. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 27th day of February, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
United States District Judge

---

apply to all litigants, including prisoners lacking access to counsel).